McKinney, J.,
delivered the opinion of the Court.
This was an action of debt, under the statute, brought by Strickland against the State, for the recovery of $5,000 00, for services alleged to have been rendered, during the period of five years, as assistant architect of the State Capitol at Nashville.
Yerdict and judgment were for the plaintiff for fifteen hundred dollars.
It is insisted on behalf of the State, that the judgment is erroneous, on two grounds : First, that the verdict is wholly unsupported by the evidence ; and secondly, that the charge of the court is erroneous. We fully concur with the Attorney General upon both points.
The proof as presented in this record, not only fails to make ont a case for a recovery in favor of the plaintiff; but clearly establishes, as it seems to us, that the claim set up against the State is destitute of any just foundation.
It is assumed for the plaintiff, that William Strickland, his father — who was the architect of the Capitol — had authority from the commissioners, by implication at least, to employ an assistant architect ;. and that he accordingly did employ the plaintiff as such. In support of this, the following paper was offered in evidence : “Nashville, November 1st, 1848. Agreement made this day between William Strickland, archi *646 tect of the State Capitol, and Francis W. Strickland : that he is to assist him in every way that he may direct, at' the building, and that he is to receive for his services $80 a month.”
The proof shows, that the plaintiff rendered services, in making drawings and otherwise, in his father’s office and about the building up to the time of his father’s death. There is no proof, on the part of the plaintiff, that William Strickland had any authority to employ an assistant, or that, in fact, he ever did so. There is evidence that he made contracts with some of the laborers and mechanics about the building, which were ratified by the commissioners. The authority of William Strickland to employ, and the fact of his employment of the plaintiff, are attempted to be made out merely by inference or presumption.
On the other side, it is proved that on the 18th of June, 1845, the Commissioners appointed to superintend the construction of the building, employed William Strickland as Architect, at a salary of $2,500, per annum ; and that he remained in service in that capacity to the time of his death in 1854. By the written agreement, he undertook to “ prepare and furnish drawings of the plans, elevations and sections for the State House. * * to superintend and direct all the arti-zans, mechanics and laborers, that may from time to time be employed by order of, or under the directions of the ‘Commissioners,’ in aud about the construction of said building : to select and judge of all the materials that may be required for said work : and, if required by the ‘ Commissioners,’ to make contracts for materials for the execution of said work : and, generally, during the progress of the work, to give his personal attention and surpervision, both as to the preperation of materials, and putting the same together, so that the building shall progress with all reasonable rapidity,” <fcc.
Bass and Morgan, the surviving Commissioners, were examined on the trial. They distinctly prove, that the plaintiff never was employed by the Commissioners ; nor was William Strickland ever authorized by them to employ him : nor did *647 William Strickland ever suggest to them, that lie was unable himself to carry out his contract : and. that they never gave him any authority to make contracts, though they recognized some that he made.
• Bass, who was Chairman of the Board, further states, that he frequently saw the plaintiff — who was a young man of about 24 years of age, just from Philadelphia — frequently about the Capitol, making drawings ; but never heard of his making any claim for his services as assistant architect, until the 3d of January, 1852, when the plaintiff brought to him, from his father, the following paper :
“W. Strickland’s respects to Mr. Bass, and requests that he will be good enough to allow his son Erancis some conr pensation for the many services he has done in drafting, and attention at the building of the State Capitol for several years past. William Strickland has allowed him for his assistance, one dollar per pay for the last two years, and thinks that the commissioners should grant him the like sum per day.’ ‘ Nashville, 3d January, 1852.”
The production of this paper by the commissioners, was a fortunate thing for the State, and for the apparent truth of the case, but very unfortunate for the plaintiff's claim. .It was written by the father, and handed by the son, to Mr. Bass, more than three years after the date of the pretended written contract, above set forth, by which, as it is now insisted, the son was employed on behalf of the State as an assistant of his father, at the rate of $80 per month. It was omitted in the argument to show how these two papers could stand together, and we have been unable to perceive it for ourselves. But this is not all : Bass states that the claim of the plaintiff never was presented to the Board for allowance. Morgan states that this claim was presented to the Legislature at two different sessions — 1855 and 1857, and it was rejected on both occasions.
He further states that William Strickland was intemperate the last five years of his life ; but he heard no complaint o his inability to perform the duties of architect : that he fre *648 quently saw tlie plaintiff in his father’s office, and supposed he was helping his father, or learning the science of architecture ; but never heard of plaintiff’s claim for services until 1855, when he was called on to give a statement before a com-mitttee of the Legislature.
From this outline of the material facts of the case, it is manifest, that no contract ever existed between the plaintiff and the commissioners ; and it is equally clear that none can be implied by law.- The latter assumption is conclusively repelled by the testimony. The proof of the commissioners establishes that William Strickland had no authority whatever to employ the plaintiff: and tlie note to Bass of the 3d of January, 1852, demonstrates the fact that he really never did do so. That note concedes that the plaintiff had no legal claim on the commissioners, and asks compensation as a pure matter of favor : It concedes, too, that the plaintiff, if employed at all, was not in the employ of the commissioners, but in the 'employ of his father alone, at one dollar per day. This conclusion is still more strongly fortified, by the omission of the plaintiff to make any such demand upon the commissioners ; and the repeated appeals made by him to the bounty of the Legislature. These facts, and this course of conduct on the part of the plaintiff, are utterly irreconcileable with the assumption of any just claim upon the commissioners, based upon a contract either express or implied.
In this view of the facts of the case, it can be assumed as a conclusion of law,, that the present action cannot be maintained : and so we hold.
This renders it unnecessary to notice the charge of the court, which, in several respects, wo think is erroneous.
Judgment reversed.